# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**UNITED STATES OF AMERICA**,

    *Plaintiff*,

v.

**EUGENE COOPER, JR.**,

    *Defendant*.

CAUSE NO. 3:24-CR-89-CWR-ASH

## ORDER

Before the Court is Eugene Cooper, Jr.'s motion to dismiss. Docket No. 19. After reviewing the factual allegations, arguments of counsel, and legal standard governing this Second Amendment challenge, the Court denies the motion.

## I.   Factual and Procedural History

On September 10, 2024, a federal grand jury indicted Eugene Cooper, Jr. for violating 18 U.S.C. § 922(g)(1) by knowingly possessing a firearm as a convicted felon. There is no dispute over Cooper's felony status at the time of his indictment: he has prior state court convictions for burglary in 1994 and fondling in 1995.

Cooper has moved to dismiss the indictment. His main argument is that § 922(g)(1) is unconstitutional as applied to him because the government cannot prove that disarming him "fits within any tradition of serious and permanent punishment for offenders convicted of similar crimes in the Founding Era." Docket No. 19 at 9 (quotation marks omitted).[1]

---

[1] Cooper also argues that § 922(g)(1) is unconstitutional on its face, unconstitutionally vague, and violates the Commerce and Equal Protection Clauses. His arguments are foreclosed by Fifth Circuit precedent. *See*

## II. Legal Standard

Courts apply the standard articulated in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen* to determine whether an individual's conduct is protected by the Second Amendment. 597 U.S. 1 (2022). First, courts must ask whether "the Second Amendment's plain text covers an individual's conduct." *Id.* at 24. If so, the burden shifts to the government to demonstrate that the challenged statute or regulation is "consistent with the Nation's historical tradition of firearm regulation." *Id.* To meet this burden, the government need not identify a "historical *twin*," but must point to a "well-established and representative historical *analogue*." *Id.* at 30 (emphasis in original).

Because the Fifth Circuit has held that "[t]he plain text of the Second Amendment covers the conduct prohibited by § 922(g)(1)," the Court will proceed directly to the second step: whether the government has shown "that the Nation has a longstanding tradition of disarming someone with a criminal history analogous to" Cooper's. *United States v. Diaz*, 116 F.4th 458, 467 (5th Cir. 2024). "Simply classifying a crime as a felony does not meet the level of historical rigor required by *Bruen* and its progeny." *Id.* at 469. The question is whether the government has provided historical analogues specific to Cooper's predicate offense(s) that "impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified." *Id.* at 467 (quotation marks omitted).

## III. Discussion

The government contends that Cooper's Second Amendment challenge "fits comfortably in the holdings of . . . the Fifth Circuit's recent decision in *Diaz*." Docket No. 24

---

*United States v. Diaz*, 116 F.4th 458, 467 (5th Cir. 2024); *see also United States v. Cooper*, No. CR 23-131, 2025 WL 316341, at *5 (E.D. La. Jan. 28, 2025).

2

at 3. In that case, the Fifth Circuit found that colonial-era laws often punished theft-related convictions with executions. The appellate court reasoned that "if capital punishment was permissible to respond to theft, then the lesser restriction of permanent disarmament that § 922(g)(1) imposes is also permissible." *Diaz*, 116 F.4th at 469.

Upon review, the Court agrees that the *Diaz* case controls the outcome of Cooper's motion. Cooper was convicted of burglary in 1994. "Burglary is a 'species of theft.'" *United States v. McCuin*, No. 1:24-CR-38-TBM-BWR-1, 2025 WL 1285680, at *7 (S.D. Miss. May 1, 2025 (citation omitted). Because Cooper's "burglary conviction is analogous to [*Diaz's*] predicate offense for . . . theft," *id.*, the Court finds that permanently disarming him is "consistent with the Nation's historical tradition of firearm regulation," *Bruen,* 597 U.S. at 24. Accordingly, Cooper's as-applied challenge fails.[2]

## IV. Conclusion

For the foregoing reasons, Cooper's motion is denied.

**SO ORDERED**, this the 18th day of June, 2025.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court concludes that Cooper's burglary conviction satisfies *Bruen*, it need not address whether his fondling conviction supports disarmament.